IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

FREDRICK VANCE                                                                    PLAINTIFF

V.                                                        CIVIL ACTION NO.4:06CV129-WAP-JAD

ROBERT BENFORD, et al.                                                          DEFENDANTS

REPORT AND RECOMMENDATION

The plaintiff and the remaining defendants have both filed motions for summary judgment. (Doc. 34 and 36). Though framed as a motion for summary judgment, the defense motion is in fact a motion to dismiss for failure to state a claim.

The plaintiff's complaint alleges that the defendant Benford did not deliver 3 different RVR's to the plaintiff. Vance complains that he was found guilty of the RVR's without being given adequate opportunity to prepare a defense or present evidence, though he admits that he was given a notice and a hearing. His punishment for these violations was a thirty day suspension of canteen and visitation privileges. Vance also filed an amended complaint in which he complains about being convicted on additional RVR's. He also complains at some length about his having been placed in administrative segregation in March 2005 supposedly at the behest of Marvin Overstreet. Overstreet is named as the moving force behind the RVR's as well as the administrative segregation.

Not only is Vance's claim regarding his placement in administrative segregation frivolous, but there is no question that he knows this claim to be frivolous since this precise claim including the fact that it began in March 2005 was the subject of an earlier suit. It was dismissed with prejudice in Civil Action No. 4:05cv228, and counted against Vance ss a strike. In this earlier litigation, Vance alleged that he had been placed in administrative segregation without any notice

or hearing. At the *Spears* hearing, Vance admitted to having received the appropriate hearings in accordance with MDOC policy. The report and recommendation, which was adopted by the court in dismissing that case, pointed out the appropriate authorities holding that there is no liberty interest implicated in a prisoner being placed in administrative segregation. *Sandin v. Connor*, 515 U.S. 472, 115 S. Ct. 2293, 132 L.Ed. 2d 418 (1995). If administrative segregation is not a protected liberty interest, Vance's punishments in these other RVR's of loss of canteen for 30 days and a 60¢ fine for destroying state property when he ripped up another two RVR's is not a protected liberty interest. In fact, Vance does not complain about these punishments but about his administrative segregation in his motion for summary judgment. It is uncontested that Vance was in fact given hearings in these matters and had prior notice of the hearings. His displeasure with the results and with the discipline imposed does not approach stating a claim for deprivation of his constitutional rights.

Finding that the plaintiff has failed to state a claim for relief, the undersigned recommends that the complaint be dismissed with prejudice and counted as a strike against the plaintiff. Since the plaintiff has also attempted in this litigation to revive a frivolous claim, that is also res judicata, the court may wish to consider the imposition of some monetary sanction as well.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

SO ORDERED this the 23rd day of August, 2007.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE